UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL ENVIRONMENTAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>                                   Plaintiff,<br><br>v.<br><br>A.O. REED & CO., INC., a California corporation,<br><br>                                   Defendant.<br><br>     v.<br><br>WHITSON CONTRACTING & MANAGEMENT, INC.<br><br>            Third Party Defendant. | Case No.: 15cv2503 NLS (JLB)<br><br>**THIRD AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

After conferring with the attorneys of record and being advised of the status of the case, the court issues this Third Amended Scheduling Order to supersede the dates in the Second Amended Scheduling Order.  For good cause shown, the court **ORDERS**:

1. The court **SETS** a telephonic Status Conference for **August 25, 2017 at 10:00 a.m.** with counsel only.  Counsel for A.O. Reed must arrange the conference call.  A Status Report must be lodged with chambers by **August 22, 2017**.

2. All fact discovery must be completed by all parties by **September 1, 2017**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel must file an appropriate motion within the time limit and procedures outlined in Judge Stormes' chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3. The parties must designate their respective experts in writing by **September 15, 2017**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  Rebuttal experts must be designated by **September 29, 2017**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list must also include the normal rates the expert charges for deposition and trial testimony.

4. By **September 15, 2017**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **September 29, 2017**.

6. All expert discovery must be completed by all parties by **October 16, 2017**.  The parties must comply with the same procedures set forth in the paragraph governing fact discovery.

7. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions including those addressing Daubert issues must be filed by **October 30, 2017**.  Counsel for the moving party must obtain a motion hearing date from Judge Stormes' law clerk.  Failure to make a timely request for a motion date may result in the motion not being heard.  No oral argument will be scheduled unless ordered by the Court.  A schedule for motions in limine will be set at the final pretrial conference.

9. If the parties proceed with a bench trial counsel must file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **November 1, 2017**.  This requirement is waived if they proceed with a jury trial.

10. Counsel must comply with the pre-trial disclosure requirements of Fed. R.

Civ. P. 26(a)(3) by **November 15, 2017**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

      11.    Counsel must meet and take the action required by Local Rule 16.1(f)(4) by **November 22, 2017**. The parties must meet and confer and prepare a proposed pretrial order containing the following:

      1.    A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

      2.    A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order must succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed will be dismissed with prejudice.

      3(a).  A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

      3(b).  A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

      3(c).  A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

      4(a).  A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. <u>All exhibits are to be identified numerically,</u> plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

      4(b).  A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

      5.    A statement of all facts to which the parties stipulate. This statement

    must be on a separate page and will be read to and provided to the jury.

  6. A list of all deposition transcripts by page and line, or videotape depositions by section, which will be offered at trial.

  7. The parties must file and e-mail the proposed jury instructions in Word format to Chambers by **January 17, 2018**. If a party disagrees with a particular instruction, the party must submit an alternate instruction.

  8. Counsel must note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures must be prepared, served and lodged with Judge Stormes by **December 1, 2017**, and must be in the form prescribed in and comply with Local Rule 16.1(f)(6).

13. The court resets the Pretrial Conference on the calendar of the **Honorable Nita L. Stormes** for **December 15, 2017** at **10:00 a.m.** The trial is scheduled to start on **February 12, 2018 at 9:00 a.m.**

14. The court sets these dates with respect to any motions in limine:

  a. All motions in limine must be filed by **January 5, 2018**, and must include an affidavit that the parties met and conferred on the issue.

  b. All oppositions are due by **January 12, 2018.**

  c. All replies are due by **January 17, 2018.**

  d. The hearing for the motions in limine is set for **January 24, 2018 at 10:00 a.m.**

15. The court will explain its voir dire procedure at the pretrial conference. Counsel must lodge proposed voir dire questions by **February 5, 2018**.

16. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

17. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18. The dates and times set forth here will not be modified except for good cause shown.

19. Briefs or memoranda in support of or in opposition to any pending motion must not exceed 25 pages without leave of the court.  No reply memorandum may exceed 10 pages without leave of the court.  Briefs and memoranda exceeding 10 pages must have a table of contents and a table of authorities cited.

20. Plaintiff's counsel must serve a copy of this order on all parties that enter this case after this order issues.

**IT IS SO ORDERED.**

Dated:  June 2, 2017

Hon. Nita L. Stormes
United States Magistrate Judge