# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL ENVIRONMENTAL RIGHTS FOUNDATION, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>A.O. REED & CO., INC. a California corporation,<br><br>Defendant,<br><br>WHITSON CONTRACTING & MANAGEMENT, INC.<br><br>Third Party Defendant. | Civil Case No.: 3:15-cv-02503-NLS-JLB<br><br>**ORDER GRANTING JOINT MOTION/STIPULATION TO CONTINUE DISCOVERY AND OTHER PROCEEDINGS**<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br><br>**FIFTH AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS**<br><br>[ECF No. 76] |

   Having reviewed the parties' joint motion to continue certain discovery deadlines, and finding good cause, the Court hereby **GRANTS** the joint motion and issues this Fifth Amended Scheduling Order to supersede the dates in the Fourth Amended Scheduling Order.

1

The Court **ORDERS** as follows**:**

1. Plaintiff Coastal Environmental Rights Foundation ("CERF") may take the deposition of A.O. Reed & Co.'s officer Steven Andrade on or before November 31, 2017. (See ECF No. 66). Plaintiff shall have until December 11, 2017 to file any motion to compel in connection with A.O. Reed & Co., Inc.'s responses to CERF's Requests for Production of Documents, Set Three. (See ECF No. 73). The September 1, 2017 fact discovery cut-off shall remain in effect as to all other matters.

2. The parties must designate their respective experts in writing by **December 11, 2017.** The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. Rebuttal experts must be designated by **December 15, 2017.** The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.

3. By **December 11, 2017**, each party must comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

4. Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **December 15, 2017.**

5. All expert discovery must be completed by all parties by **December 30, 2017**. The parties must comply with the same procedures set forth in the paragraph

governing fact discovery.

6.      Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7.      All other pretrial motions including those addressing Daubert issues must be filed by **January 15, 2018**. Counsel for the moving party must obtain a motion hearing date from Judge Stormes' law clerk. Failure to make a timely request for a motion date may result in the motion not being heard. No oral argument will be scheduled unless ordered by the Court. A schedule for motions in limine will be set at the final pretrial conference.

8.      If the parties proceed with a bench trial counsel must file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **January 15, 2018.** This requirement is waived if they proceed with a jury trial.

9.      Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **February 5, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

10.     Counsel must meet and take the action required by Local Rule 16.1(f)(4) by **February 12, 2018**. The parties must meet and confer and prepare a proposed pretrial order containing the following:

    1.    A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    2.    A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order must succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed will be dismissed with prejudice.

3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

5. A statement of all facts to which the parties stipulate. This statement must be on a separate page and will be read to and provided to the jury.

6. A list of all deposition transcripts by page and line, or videotape depositions by section, which will be offered at trial.

7. The parties must file and e-mail the proposed jury instructions in Word format to Chambers by **March 23, 2018**. If a party disagrees with a particular instruction, the party must submit an alternate instruction.

8. Counsel must note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

11. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **February 12, 2018**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties must attempt promptly to resolve their differences, if any, concerning the order.

12. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures must be prepared, served and lodged with Judge Stormes by **February 19, 2018**, and must be in the form prescribed in and comply with Local Rule 16.1(f)(6).

13. The court resets the Pretrial Conference on the calendar of the Honorable Nita L. Stormes for **March 2, 2018** at **10:00 a.m**. The trial is scheduled to start on **April 30, 2018** at **9:00 a.m.**

14. The court sets these dates with respect to any motions in limine:
   a. All motions in limine must be filed by **March 16, 2018**, and must include an affidavit that the parties met and conferred on the issue.
   b. All oppositions are due by **March 21, 2018**.
   c. All replies are due by **March 23, 2018**.
   d. The hearing for the motions in limine is set for **March 28, 2018** at **10:00 a.m.**

15. The court will explain its voir dire procedure at the pretrial conference. Counsel must lodge proposed voir dire questions by **April 19, 2018**.

16. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

17. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

18. The dates and times set forth here will not be modified except for good cause shown.

19.     Briefs or memoranda in support of or in opposition to any pending motion must not exceed 25 pages without leave of the court. No reply memorandum may exceed 10 pages without leave of the court. Briefs and memoranda exceeding 10 pages must have a table of contents and a table of authorities cited.

20.     Plaintiff's counsel must serve a copy of this order on all parties that enter this case after this order issues.

**IT IS SO ORDERED.**

Dated:  October 27, 2017

Hon. Nita L. Stormes
United States Magistrate Judge